527 So.2d 12 (1988)
STATE of Louisiana
v.
Timothy C. BROWN.
No. CR87-311.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
*13 Edward James Lopez, Opelousas, for defendant-appellant.
David Miller, Dist. Atty., Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
The defendant, Timothy C. Brown, was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64.
On August 21, 1985 the defendant was found guilty as charged by a unanimous 12-person jury. On October 25, 1986 the defendant was sentenced to serve a term of ten years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appealed asserting three assignments of error. The second assignment of error has been expressly abandoned by the defendant in this appeal.
FACTS
At about 8:00 p.m. on Saturday, March 30, 1985, the Canal Refinery station in Opelousas, Louisiana was robbed. The assailant entered the store and asked the cashier, Janice Guillory, for an item behind the cash register. As the cashier bent down to get the item he pointed a handgun at her and demanded the money in the cash register. Ms. Guillory put $219 from the cash register into a paper bag and handed it to the man. He took it and ran out of the store. She then called the police.
On that same evening, at about 9:00 p.m., Andrew Myers, a resident of the city, was in the vicinity of the Canal station and saw two black males running toward a car parked on a side street near a trade school and close to the Canal station. Mr. Myers took down the license plate number because to him the incident looked suspicious. Mr. Myers testified that when the two men got in the car one man ran around to the passenger side and could not get in. The man then ran to the driver's side and both men got into the car on the driver's side and they left.
Mr. Myers reported the incident to the police and gave them the license number he had written down. The police traced the license number and discovered that the car was registered to Timothy Brown.
The police located the car at about 10:00 p.m. that night parked outside a trailer home on Pulford Street in Opelousas. The police arrested Brown and Jerome Toussaint. At the time of the arrest Toussaint had a .25 caliber handgun and a wallet with money.
At the police station Ms. Guillory identified the defendant, Timothy Brown, in both *14 a picture lineup and a physical lineup, as the man who committed the armed robbery. At trial Ms. Guillory identified the clothes Timothy Brown had been wearing when he was arrested as the same clothes worn by the man who had robbed the store. She stated that the gun used in the robbery was a small caliber handgun.
ASSIGNMENT OF ERROR 1
By this assignment of error the defendant argues that the trial court erred in failing to grant his motion for a severance. Defendant contends that his motion should have been granted because a statement given by his codefendant, Jerome Toussaint, implicated him as the perpetrator of the charged offense.
Defendants who are indicted jointly are tried jointly, unless the court finds that justice requires a severance. LSA-C.Cr.P. art. 704. Louisiana's settled jurisprudence interpreting LSA-C.Cr.P. art. 704 is that a trial judge's determination whether to grant or deny a severance rests in his sound discretion and will not be reversed on appeal absent a clear abuse of discretion. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Gaskin, 412 So.2d 1007 (La.1982). Whether justice requires a severance must be determined by the facts of each case. State v. Turner, 365 So.2d 1352 (La.1978).
A severance is necessary if the defense of the codefendants are antagonistic to the extent that a codefendant attempts to place blame on the other, causing each defendant to defend against his codefendant as well as the state. State v. Turner, supra. Mere unsupported allegations that defenses will be antagonistic are not sufficient to require a severance. State v. Broadnax, 503 So.2d 511 (La.App. 4th Cir. 1986), writ denied, 506 So.2d 109 (La.1987).
In the instant case the defendant requested a severance because he felt that a statement given to police by his codefendant implicated him in the crime. Originally the State had indicated that it would not use this statement. At trial Jerome Toussaint, the codefendant, indicated that he would probably testify on his own behalf. The State then indicated that it might use this statement to impeach Toussaint's testimony. At trial this statement was introduced.
Portions of Toussaint's statement are inculpatory as to defendant, but the thrust of Toussaint's defense is not to implicate defendant as the perpetrator of the crime, but simply to deny his own involvement. In testimony Toussaint indicates that Brown had a gun and had money. Toussaint stated that Brown had said he felt like robbing something. During cross-examination by Brown's attorney, Toussaint's testimony was severely shaken. Defense counsel got Toussaint to admit that the police may have supplied some of the wording in the statement, that he signed the statement without reading it, that he was intoxicated when he gave and signed the statement and that he didn't know anything about the robbery. The thrust of Toussaint's testimony is simply that he was intoxicated and did not know what was going on, and that he simply wanted a ride.
In State v. Toussaint, 502 So.2d 599 (La.App. 3d Cir.1987) a panel of this court upheld the trial court's denial of codefendant Jerome Toussaint's motion to sever stating that:
"No showing of antagonistic defenses was made in our case. Neither defendant tried to blame the other. Each denied any involvement in a robbery. Although Toussaint gave testimony that was inculpatory as to Brown, he also said he knew nothing about Brown committing a robbery. Thus, neither was in a position of having to battle both the state and his co-defendant."
Since there was no showing that the defense of Toussaint was antagonistic to defendant, we conclude that the trial judge did not abuse his discretion in denying defendant's motion to sever. This assignment of error lacks merit.
ASSIGNMENT OF ERROR 2
By this assignment of error the defendant contends that the trial court failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1, in particular Section C of the statute. Defendant asserts that this amounts to reversible error.
The trial judge is required to state for the record both the considerations he *15 has taken into account and the factual basis for imposition of sentence. LSA-C.Cr. P. art. 894; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). The trial judge does not have to state every aggravating and mitigating factor, but the statutory guidelines in LSA-C.Cr.P. art. 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3d Cir.1983). Failure to comply with Article 894.1 does not automatically render a sentence invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, 414 So. 2d 666 (La.1982). As long as the record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982).
In the instant case, the trial judge, in imposing sentence, stated:
"The court sentences the defendant to ten years at hard labor without benefit of probation, parole or suspension of sentence, and commits him to the Department of Corrections. Under the sentencing guidelines act, I find that under A, 1 is applicable, 2 is applicable, No. 3 is applicable; under B, 1 is not applicable, 2 is not known one way or the other, 3 is not applicable, 4 is not applicable, 5 is not applicable, 6 is not applicable or it's not known, 7 is applicable, except for the Lafayette matter, No. 8, the court cannot say if it's applicable, No. 9, can't say that's applicable, 10, I doubt if that's applicable, No. 11 is not applicable. Under No. C, the court considers the nature of the crime and the evidence contained in the presentence report."
We need not consider the question of whether or not these comments of the trial court adequately comply with the statutory guidelines. There is no necessity for a remand because the record clearly reflects an adequate basis for the sentence imposed.
The presentence investigation report, which was made part of the record, reveals that the defendant has no juvenile record and no convictions as an adult. There is a charge of felony theft pending against defendant in Lafayette Parish. The defendant is young, single, lives rent free, was unemployed, and has a sporadic work history. The robbery was committed while the defendant was armed with a gun and his actions caused the victim to fear for her life.
A sentence may be vacated and the case remanded for resentence when the reasons for an apparently severe sentence do not appear in the record. Otherwise, a sentence should not be set aside as excessive absent a showing of a clear abuse of the wide discretion afforded the trial court in imposing sentences within statutory limits. State v. Jones, 381 So.2d 416 (La.1980).
A defendant convicted of armed robbery must be sentenced to a minimum of five years at hard labor, and can be sentenced to up to 99 years, without the benefit of parole, probation or suspension of sentence. LSA-R.S. 14:64. The defendant received a ten-year sentence, a sentence well within statutory limits. We do not find the defendant's sentence to be apparently severe based upon the record and therefore cannot say that the trial court abused its much discretion.
This assignment lacks merit.
For the reasons assigned herein, the defendant's conviction and sentence are affirmed.
AFFIRMED.