547 So.2d 736 (1989)
STATE of Louisiana, Appellee,
v.
Eichelle PORTER, Appellant.
No. CR88-1289.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
*738 John K. "Mike" Anderson, Leesville, for defendant-appellant.
Edwin L. Cabra, First Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before GUIDRY, FORET and DOUCET, JJ.
FORET, Judge.
Defendant, Eichelle Porter, was convicted of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967A(1), and was sentenced to serve seven years at hard labor and pay a fine of $5,000, plus court costs. The second charge with which defendant had been charged, possession of marijuana, was dismissed by the State prior to trial. Defendant appeals the conviction and sentence based on seven assignments of error. Assignment of error # 3 has not been briefed on appeal and is therefore considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). We reverse the conviction, set aside the sentence, and remand with instructions.
FACTS
On November 2, 1987, the City/Parish Task Force of Vernon Parish was contacted by two confidential informants. The first of these two informants stated that he had seen defendant purchase cocaine for resale "in the Crossing area" of Leesville. The second one advised that he had observed the defendant selling cocaine out of his vehicle in the parking lot of the Big Casino Lounge. On November 4, 1987, one of the aforementioned confidential informants contacted the task force once again. This time, he advised officers that the defendant had just come by selling cocaine out of his car and would be selling drugs later that afternoon in the Big Casino parking lot. He described the vehicle defendant was driving and supplied the license number on it. In addition, on this same date, the task force was advised by the Fort Polk Drug Team that they had information that this defendant, who was in the military, had been selling cocaine out of a room at the Country Inn Motel on Friday, October 30, 1987, and that he had also been caught with cocaine inside his room locker at Fort Polk.
Based on the information received, Deputy Prentiss Dixon of the Vernon Parish Sheriff's Department executed an affidavit seeking a search warrant for search of the defendant, his vehicle, and any other persons present. Considering Deputy Dixon's affidavit, Judge Chris Smith of the Leesville City Court signed the order for issuance of a search warrant on November 4, 1987.
Subsequently, Deputy Dixon, who was going away on vacation, gave the search warrant to Officer Randall Strother of the Leesville Police Department. On November 7, 1987, Officer Strother received a tip that this defendant and a black female were in "the Crossing area" and that they were staying in Room 207 of the Continental *739 Motor Lodge in Leesville. Upon receiving this tip, Officer Strother, assisted by Officer Richard Knight, proceeded to the motel in an unmarked vehicle in order to attempt to execute the search warrant. Arriving at the motel, the officers observed the vehicle described in the warrant parked at the motel, kept it under surveillance for about fifteen minutes, and then saw the defendant along with a black female exit room 207 and get into a 1984 Nissan automobile. The defendant drove and the female sat on the passenger side. The officers followed the vehicle a short distance and then stopped it.
Upon stopping the vehicle, the officers proceeded to execute the search warrant. During the search, no items of contraband were found on either the defendant's or his female passenger's person. However, Officer Strother did recover a green army-type medical kit from the rear seat of the vehicle containing the following items:
(a) several cotton swabs;
(b) a glass bottle containing what appeared to be antiseptic;
(c) cigarette rolling papers;
(d) a homemade paraphernalia-type cocaine rock smoking pipe;
(e) two razor blades; and
(f) two plastic pouches.
Moreover, the officers discovered a cassette tape case labeled "Wendy" containing three individual plastic pouches containing a substance which was later determined to be cocaine.
Following this initial search, the officers sought and obtained from the defendant a voluntary permission to search, authorizing the search of Room 207 at the Continental Motor Lodge. In connection with the room search, the following items were recovered and seized from the top left dresser drawer:
(a) two lab test tubes containing what appeared to be cocaine residue;
(b) some brass scrubbing pads;
(c) several cotton swabs;
(d) a pack of razor blades; and
(e) medicine bottle.
The substance in the test tube also tested to be cocaine. Defendant and his female passenger were arrested and jointly charged by a bill of information with possession of cocaine with intent to distribute in violation of La.R.S. 40:967 A(1). A second charge, possession of marijuana, was dismissed by the State prior to trial.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant contends that the trial court erred in denying the motion to sever. More specifically, defendant argues that the refusal of the trial court to sever the cases required him to defend himself against accusations and statements made by Wendy Rhodes which were directly antagonistic to his defense. He further contends that this situation could have been avoided by ordering separate trials. However, although defendant contends that he was forced to defend himself at trial, it is interesting to note that he elected not to testify at trial. The pertinent provision of our Code of Criminal Procedure is Article 704, which provides as follows:
"Jointly indicted defendants shall be tried jointly unless:
(1) The state elects to try them separately; or
(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance."
In interpreting this article, the courts have determined that the facts of each case must determine whether justice requires a severance. State v. Toussaint, 502 So.2d 599 (La.App. 3 Cir.1987). The jointly charged defendants are not entitled to severance as a matter of right. Rather, the decision of whether to grant or deny a severance rests in the trial judge's sound discretion. A denial of a motion to sever will not be overturned on appeal absent a clear abuse of discretion. State v. Brown, 527 So.2d 12 (La.App. 3 Cir.1988). Furthermore, at the hearing on the motion to sever, the defendant must bear the burden of proving that justice requires a severance. State v. Williams, 416 So.2d 914 (La. 1982).
*740 Turning now to the facts of the instant case, a review of the record reveals that the trial court did not err in denying the motion to sever. The co-defendant, Wendy Rhodes, testified at trial. She denied having any knowledge of the existence of cocaine in the vehicle and denied any involvement whatsoever in any criminal activity. However, she did not, in any way, implicate her co-defendant in any criminal activity. As such, defendant was not forced to take the stand in order to defend himself and, in fact, as noted earlier, he chose not to testify at trial.
Where the thrust of the co-defendant's testimony is simply to deny his own involvement and not implicate the other defendant, justice does not require a severance. This rule applies even though the co-defendant's testimony may, by inference, be damaging to the other defendant. State v. Brown, supra. Accordingly, we find this assignment to be without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant contends that the trial court erred in denying his motion to suppress. In support of this contention, he argues that the affidavit requesting the search warrant does not establish sufficient probable cause for issuance of the warrant. Defendant further urges that the affidavit is based on information gained from confidential informants whose credibility and reliability are not established in the affidavit.
La.C.Cr.P. art. 162 provides, in pertinent part, that "[A] search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant." Probable cause exists when the totality of the facts and circumstances within the affiant's knowledge and those of which he has reasonably trustworthy information are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. State v. Lewis, 442 So.2d 1159 (La.App. 3 Cir.1983), writ denied, 444 So.2d 1214 (La. 1984). Stated another way, the judicial officer's function in determining the existence of probable cause is to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability contraband or evidence of a crime will be found. State v. Kyles, 513 So.2d 265 (La.1987). The issuing magistrate's determination of probable cause should be accorded great weight by the reviewing court. State v. Lewis, supra; State v. Rodrigue, 437 So.2d 830 (La.1983).
The affidavit requesting the search warrant states as follows:
"On 11/2/87 a reliable and confidential informant contacted the City/Parish Task Force in reference to a black male by the name of Porter dealing in Cocaine. This CI stated that he had seen Porter purchase cocaine to re-sale [sic] in the Crossing area of Leesville.
On 11/2/87 a second reliable and confidential informant contacted the City/Parish Task Force and stated that the same black male by the name of Porter was presentely [sic] at the Big Cassino parking lot selling cocaine out of his vehicle and that the CI saw approximately an 8 ball of cocaine inside of Porter's car.
On 11/4/87 this same CI contacted these officers and stated that Porter had just came by selling cocaine out of his car and would be at the Big Cassino parking lot later this afternoon, selling drugs. Also stated that Porter was driving a 1984 Nisson La. Lic# 88H437 and that the cocaine would be between the front seats of the vehicle.
Also this same date 11/4/87 CID Fort Polk Drug Team advised Deputy Dixon that they had information that Porter had been selling cocaine out of one of the rooms at the Country Inn Motel [sic] friday night 10/30/87 and that Porter had recently been cought [sic] on Fort Polk with cocaine inside his room locker.
Both confidential informants is [sic] very reliable in that they both know what cocaine is and what it looks like and has [sic] been working with the City-Parish *741 Task Force for over a year and has [sic] had several arrest and convictions to their credit in drugs and also burglaries in the Vernon Parish Area.
Also within the last week officer Strother has vieued [sic] Porter in the company with other known drug dealers in the city of Leesville.
And for these reasons we are requesting a search warrant for the vehicle of Eichelle Porter."
A fair reading of the affidavit indicates the judicial officer was presented with sufficient specific facts upon which to base an independent decision that there was probable cause to issue the warrant. We therefore find this assignment of error to be without merit.

ASSIGNMENT OF ERROR NO. 4
By this assignment of error defendant contends that the trial court erred in denying the motion for mistrial. In particular, he argues that the following comments made by the prosecutor in his closing argument were improper:
"So the confidentiality situation where these informants are concerned and why they weren't pulled in and why there wasn't a lot more specific information about it, it's obvious why that is not done. There also is no evidence put on on behalf of either one of these defendants refuting what these confidential informants told Mr. Strother and told Detective Dixon. One very important point to leave you with. Where has been the explanation given to you on behalf any witnesses on behalf of Eichelle Porter about where he was on November the 2nd? About where he was on November the 4th?"
La.C.Cr.P. art. 774, in pertinent part, provides:
"Art. 774. Argument; scope
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice."
However, this article, within itself, provides no sanction for its violation. If an argument does go beyond the scope of this article, remedy lies within the ambit of La.C.Cr.P. art. 770, which provides:
"Art. 770. Prejudicial remarks; basis of mistrial
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
Of these provisions, the one coming closest to the type of comment complained of by defendant appears to be Article 770(3). In interpreting this subsection, the Louisiana Supreme Court has held that indirect references or allusions to a defendant's failure to testify do not constitute reversible error unless the prosecutor intended to emphasize defendant's failure to testify. State v. Jackson, 454 So.2d 116 (La.1984). Considering this, it seems clear that the statement complained of in the instant case was not a direct reference to defendant's failure to testify and was not intended to focus attention on the defendant's failure to testify. Rather, it seems to refer to a lack of evidence of the defense. As such, it is not *742 grounds for mistrial and we therefore find this assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 5
In his fifth assignment of error, defendant contends that the State presented insufficient evidence to sustain a conviction on a charge of possession with intent to distribute. We agree.
Intent to distribute may be inferred from surrounding circumstances. State v. Jordan, 489 So.2d 994 (La.App. 1 Cir.1986). Among the relevant considerations are:
(a) how the substance was packaged,
(b) the quantity of the substance seized,
(c) the presence of scales, plastic bags or other paraphernalia indicative of an intent to distribute,
(d) presence of large amounts of cash, ledger sheets, or other records indicating past drug transactions.

State v. Williams, 457 So.2d 902 (La. App. 3 Cir.1984), writ. denied, 461 So.2d 313 (La.1984); State v. Jordan, supra.
In order to prove guilt by circumstantial evidence, the State must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. Moreover, in order to sustain a conviction under R.S. 40:967(A)(1), the State must prove, beyond a reasonable doubt, that the defendant had a specific intent to distribute the illegal substance. State v. Williams, supra.
Turning now to the facts of the instant case, and viewing the evidence in a light most favorable to the State, we are convinced that a rational trier of fact could not find that the State has proven every element of the offense charged beyond a reasonable doubt. To begin with, the cocaine found in the defendant's possession was a relatively small amount (0.6 grams), indicating that it perhaps may have only been for personal consumption. Also, other than the two plastic bags found in the green medical kit, the officers did not recover, during the course of their search of the defendant's vehicle and subsequent search of his hotel room, any scales, or other drug paraphernalia which would support a finding that there was an intent on the part of the defendant to distribute the cocaine he was found possessed of. Furthermore, no substantial sums of cash were discovered which would, again, support a finding that the defendant had been selling cocaine prior to his arrest. No ledger sheets or other records indicating past drug sales were found. Consequently, we do not feel that the hearsay testimony of the State's confidential informants, indicating that the defendant had been engaged in selling cocaine as recently as two days prior to his arrest, is sufficient to convince a rational trier of fact that the defendant had the requisite specific intent to distribute the cocaine he was found possessed of on the night of his arrest. This is particularly true when one considers the testimony of Staff Sgt. Kim Pounds, a personal acquaintence of the defendant also stationed at Fort Polk, who testified that Wendy Rhodes told her, shortly after the arrest, that they intended to smoke the cocaine that was found in the vehicle but did not intend to sell any of it. We therefore find that the State has failed to exclude every reasonable hypothesis of innocence in this case. The fact that the defendant may have, according to the State's confidential informants, sold a substance which was believed to be cocaine two or three days prior to his arrest does not prove beyond a reasonable doubt that the defendant had the requisite specific intent to distribute cocaine on the night of his arrest.
Possession of cocaine is a violation of La.R.S. 40:967C and is a legislatively authorized responsive verdict to a charge of possession of cocaine with intent to distribute. C.Cr.P. art. 814(A)(49). We find that the evidence adduced at trial clearly supports a conviction for the lesser and included offense of possession of cocaine. Accordingly, this matter should be remanded so that the defendant may be sentenced for the lesser offense of simple possession of cocaine. La.R.S. 14:5; State v. Parish, 405 So.2d 1080 (La.1981).
*743 ASSIGNMENTS OF ERROR NOS. 6 & 7
Because we find that the evidence was insufficient to sustain a conviction for possession of cocaine with intent to distribute, it is unnecessary to discuss defendant's final two assignments of error.
DECREE
Defendant's conviction for possession of cocaine with intent to distribute is set aside, and the matter is remanded to the district court with instructions to enter against the defendant a judgment of guilty of possession of cocaine and to sentence the defendant accordingly.
CONVICTION AND SENTENCE SET ASIDE; CASE REMANDED WITH INSTRUCTIONS.