DOUCET, Judge.
The defendant, Kearney Alsandor, was charged with possession of cocaine with intent to distribute in violation of La.R.S. 40:967 A. He was tried by a jury and found guilty. The trial judge sentenced Alsandor to eight years at hard labor. The defendant appeals alleging that the evidence was not sufficient to prove possession with intent to distribute. Additionally, he argues that the sentence imposed was unconstitutionally excessive.
SUFFICIENCY OF THE EVIDENCE
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982).
In order to obtain a conviction, the State is required to prove the elements of the offense with which the defendant is charged beyond a reasonable doubt. Kear-ney Alsandor was charged with violation of La.R.S. 40:967(A) which reads, in pertinent part, as follows:
“A. Manufacture; distribution. Except as authorized by this part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II; ... ”
The defendant asserts that the State failed to prove that he had the intent to distribute cocaine.
“The intent to distribute may be established by proving circumstances surrounding defendant’s possession which give rise to reasonable inferences of intent to distribute. State v. Ramoin, 410 So.2d 1010 (La.1981); State v. Williams, 457 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 461 So.2d 313 (La.1984).”
State v. Segura, 546 So.2d 1347 (La.App. 3rd Cir.1989).
The courts of this State have enumerated some of the factors from which intent may be inferred:
1) Whether the defendant had ever distributed controlled dangerous substances.
2) Whether the substance was found in a form associated with distribution.
3) Whether the quantity was such as to create a presumption of intent to distribute.
4) Whether drug paraphernalia such as scales or baggies were present.
5) Whether large quantities of cash or records indicating past drug transactions were present.
State v. House, 325 So.2d 222 (La.1975); State v. Segura, supra; State v. Porter, 547 So.2d 736 (La.App. 3rd Cir.1989).
*199 Detective Don Leger of the Opelou-sas City Police testified that for four days prior to the arrest on September 8, 1987, he, acting in his capacity as an Opelousas Police Officer, had the defendant’s house under surveillance. At 1:05 a.m. on September 8, 1987, a car pulled up in front of the Alsandor residence. A man got out and went to the gate. Kearney Alsandor came out and met him there. The two men talked, then the visitor got back in his car and left. At 2:12 a.m. the same morning, another man walked up to the gate. The defendant came out and met him. After they had talked for about two minutes, the visitor took out his wallet and gave Alsan-dor what appeared to be paper money. Al-sandor then went back into his house and came right back out. He gave the visitor a small item which the visitor put in his wallet. The visitor walked away and Al-sandor went back in the house.
Several hours later, Detective Leger, along with several other officers, executed a warrant to search Alsandor’s residence. On a dining room type table, they found a large mirror on which were small white chunks and white powder. The chunks and powder were later identified as cocaine. Also on the table were several bags containing a residue of white powder, also later proven to be cocaine, a grinder of the type used to break chunk cocaine into powder, and a metal cutting device used to cut cocaine very fine. On a nearby coffee table was a Sucrets box containing three one gram packets of white powder, which was later identified as cocaine. Also seized were a small scale and $156.00 in cash.
Officer Roy Mallet of the St. Landry Parish Sheriffs Office testified as an expert in the field of narcotics investigation and detection. He participated in the search of the defendant’s house. He stated that the set up he saw on the defendant’s dining room table appeared to be a processing operation. He further stated that the seven small bags of cocaine seized at defendant’s residence appeared to be packaged for sale.
The defendant testified that the drugs had been planted in his house by a man who was not available to testify at trial. He explained the two early morning callers by saying that the first was a stranger looking for drugs who he turned away. The second, he stated, was a friend renting video tapes.
The jury apparently rejected these explanations. It is the role of the factfinder to weigh the respective credibilities of the witnesses, and therefore the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See, State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
Viewing the evidence in the light most favorable to the prosecution, we find that the State presented ample evidence from which a rational trier of fact could have found beyond a reasonable doubt that the defendant committed the essential elements of the crime of possession of cocaine with intent to distribute.
EXCESSIVE SENTENCE
The defendant next argues that the trial judge erred in imposing an excessive sentence and on basing the sentence on the defendant’s lack of employment when the defendant was in fact employed.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits “cruel, excessive, or unusual punishment.” A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3rd Cir.1988). To constitute an excessive sentence, this court must find the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everette, 530 So.2d 615 (La.App. 3rd Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed exces *200 sive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed or whether suspension of a sentence or probation is warranted. La. C.Cr.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3rd Cir.1988). Paragraph (C) of article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983).
In this case, the sentencing judge stated that he wanted to follow the guidelines of article 894.1 and that he was looking at the article during sentencing. The sentencing judge proceeded to read each part of the article prior to commenting on how each'related to the defendant’s circumstances. Thus, the record reveals a thorough application of article 894.1.
The sentencing judge articulated specific reasons for the given sentence. Among the reasons stated were:
1. The nature of the charge and drug involved;
2. The strong evidence that defendant was a drug pusher which came out during trial;
3. Defendant was living at a pretty good level of life but not working;
4. Since defendant has no visible means of support there was an undue risk that if he were placed on probation he would commit another crime during that period;
5. Defendant was in need of custodial environment;
6. A lesser sentence would deprecate the seriousness of the defendant’s crime;
7.None of the mitigating circumstances under section B of the article were present in this case except that the defendant had no history of prior delinquency or criminal activity.
It was also noted that defendant is married with one dependent child. In brief defense counsel alleges that the sentencing judge used an improper factual basis for sentencing defendant. Defense counsel alleges that the judge erred in saying that defendant had not worked in a long time, if at all. The presentence report reflects that defendant has not been employed since 1981, and defense counsel did not offer any evidence of employment. The record supplies more than adequate support for the sentence imposed.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.