DOUCET, Judge.
This is an appeal from a conviction for second degree murder as a result of which the defendant received a life sentence.
Christine Bergman was discovered dead in her trailer in Pineville, Louisiana, on Sunday, November 6, 1988. Raymond Lewis, the defendant herein, was at one time a neighbor of the victim and regularly visited her. Defendant described his relationship with the victim as that of casual friends but never stated that he was sexually intimate with the victim. An autopsy established that the victim had engaged in anal and vaginal sexual intercourse close to the time of her death. A later test, called DNA-fingerprinting, established that the defendant’s semen was found in the anal and vaginal washings of the victim. Police also discovered defendant’s bloody fingerprint underneath a coffee table which had been moved in order to drag the body of the victim from the couch, where she was stabbed, to the bedroom.
The police never recovered the victim’s truck keys, some of the personal belongings in her purse, or telephone, which had been cut at the cord. Ten months after the murder of Christine Bergman and six months after defendant’s indictment, the Alexandria police arrested Allen Moore, who had in his possession some items which linked him to Christine Bergman. However, further investigations did not establish a link between Allen Moore and the murder of Christine Bergman.
The defendant, Raymond C. Lewis, was originally indicted for the first-degree murder of Christine Bergman. After a lengthy trial before a sequestered jury, defendant was found guilty of the lesser responsive verdict of second-degree murder. Defendant was sentenced to the mandatory term of life imprisonment without benefit of probation, parole or suspension of sentence. On appeal, defendant raised thirty-five assignments of error. His brief covers only twelve of them. We need address only one of his assignments as it is dispositive of the case.
EVIDENCE OF OTHER CRIMES
The defendant contends that the trial court erred in admitting, portions of defendant’s recorded statements which contained references to other crimes. During his statement on November 8, 1988, defendant was asked about his prior arrests and convictions; during defendant's statement on January 19, 1989, defendant began to talk about rumors spreading in the jail dormitory where he was serving a sentence for disturbing the peace.
At trial, the State laid the proper foundation to introduce the tapes of defendant’s statements during the testimony of Detective Timothy Powdrill. When the State introduced the tapes into evidence, counsel for defendant offered to hand out the transcripts of these recorded statements to the jurors so they could read along as the tape played. The trial judge permitted this and the tape of the November 8, 1988 statement began to play.
The preliminary portion of the tape concerned defendant waiving his Miranda rights. As this portion was playing, defendant interrupted and asked to approach the bench. Defendant objected to the other crimes evidence contained in the statements. The prosecutor told the court he had been prepared to point this out previously in case any editing was needed, but since counsel for defendant had mentioned *754 prior convictions during voir dire and opening statements, he had assumed it no longer made any difference.
The trial court ruled that since defendant had announced to the jury during voir dire and opening statements defendant’s previous problems with the law, the references to other crimes contained in the taped statements were admissible. Both tapes were played to the jury.
In the first taped statement of November 8, 1988, defendant spoke about his prior arrests for traffic violations, bad checks, “and stuff like that.” Defendant also told the officers about his prior conviction for accidentally shooting a friend while playing Russian Roulette, and his conviction in Texas for selling cocaine. At the time of the defendant’s statement, he had been arrested for simple battery of his ex-girlfriend and was on probation.
When defendant gave another statement on January 19,1989, he brought up the fact he was serving time in jail because his probation was revoked after he continued to harass his ex-girlfriend and, while in jail, he heard rumors about the murder investigation.
However, defendant did not tell the officers about all of his arrests. Nor did he mention a 1975 arrest for simple rape which was on his rap sheet. La.R.S. 15:450 provides that every statement introduced against a defendant must be used in its entirety. When a statement contains references which are inadmissible, such as other crimes evidence, the jurisprudence has provided a defendant with another option. In State v. Morris, 429 So.2d 111 (La.1983), the court granted a defendant the option of objecting to the other crimes evidence and requiring the court to excise, or edit, the statement before admitting it. Therefore, the trial judge in the present case should have given defendant the option of editing the other crimes evidence. The trial judge did not give defendant this option.
It is well established in Louisiana law and jurisprudence that the prosecution may not introduce evidence of other criminal acts or offenses committed by the defendant unless notice is given to the defendant of the particular acts or offenses to be used, and the exception to the exclusionary rule is specified. State v. Prieur, 277 So.2d 126, 130 (La.1973); State v. Goza, 408 So.2d 1349 (La.1982); and La.C.E. art. 1103. Notice is not required if the other crimes evidence is part of the res gestae or is a prior conviction offered to impeach the credibility of a defendant. State v. Goza, 408 So.2d at 1353. No notice of intent to introduce other crimes evidence was filed by the State in the present case. In this case, the other crimes evidence did not fit one of the exceptions to the Prieur notice requirement. As a result, the trial court erred in admitting this evidence of other crimes.
As this court stated in State v. Brewington, 587 So.2d 189 (La.App. 3rd Cir.1991), “We are not permitted to engage in a harmless error analysis regarding the trial court’s error in connection with the other crimes evidence. The court in State v. Brown, supra, [428 So.2d 438 (La.1983) ], page 443, explained that ‘(t)here is scarcely room for a harmless error argument with regard to other crimes evidence. The basis for this rule, and the mandatory provision of C.Cr.P. 770(2), is that the effect on a jury of inadmissible other crimes evidence cannot be determined, and that such evidence is per se prejudicial and a substantial violation of a statutory right.’ ”
Therefore, we are constrained to reverse the defendant’s conviction. The defendant’s sentence is vacated, and the case is remanded for a new trial in accordance with the law.
CONVICTION REVERSED AND REMANDED FOR NEW TRIAL.