YELVERTON, Judge.
A jury found defendant, Robert Alvear Silguero, guilty of the crimes of (1) distribution of marijuana, a violation of La.R.S. 40:966(A); (2) conspiracy to distribute marijuana, violations of La.R.S. 40:966(A) and La.R.S. 40:979 A; and (3) possession with intent to distribute cocaine, a violation of La.R.S. 40:967 A. The defendant now appeals his convictions alleging four assignments of error. We need address only the third assignment of error, as it is disposi-tive of the case.

Facts:

The distribution of marijuana charge was based on 38 pounds of marijuana in a suitcase delivered by the defendant to Sally Estes and Gary Soileau in Eunice, St. Landry Parish, Louisiana. Count two, conspiracy to distribute marijuana, related to the marijuana in the suitcase. The third count, possession with intent to distribute cocaine, involved four ounces of cocaine found in an automobile belonging to the defendant.
In a per curiam following a motion to fix bail, the district court noted that it had been furnished information from the Sheriff’s Office in Brownsville, Cameron County, Texas, indicating that that Sheriff’s office held a warrant for the arrest of the defendant for possession of a large amount of marijuana stored in a warehouse in Brownsville.

Assignment of Error No. 3:

Defendant contends that the trial court erred in its denial of a motion for a mistrial, when the prosecution made reference to defendant’s cache of marijuana in the Brownsville storage building. We agree. This was prohibited evidence of another crime committed or alleged to have been committed by the defendant, as to which evidence was not admissible.
At trial, the district attorney referred directly to the Brownsville marijuana, which was not related to the charges defendant was on trial for in St. Landry Parish, when the district attorney asked the following question:
Do you know if those — the marijuana that was found in these suitcases was part of the same marijuana that was found in your storage building? (emphasis added)
An objection was sustained. In so doing, the trial judge commented: “This would be evidence of another crime independent of what we’ve been talking about_” De *1071 fense counsel then moved for a mistrial but that motion was denied by the trial court. La.C.Cr.P. art. 770 declares, in part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * s|c * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
This court has consistently held, in conformity with State v. Brown, 428 So.2d 438 (La.1983), that inadmissible other crimes evidence is per se prejudicial and a substantial violation of the statutory right. We are not permitted to engage in a harmless error analysis regarding the trial court’s error in connection with the other crimes evidence. State v. Lewis, 590 So.2d 752 (La.App. 3rd Cir.1991); State v. Brewington, 587 So.2d 189 (La.App. 3rd Cir.1991).
In the instant case, the trial judge sustained the defendant’s objection because the prosecutor’s question referred to evidence of another crime. In the answers to discovery, the only mention of marijuana that was part of the conspiracy charge was the 38 pounds seized from the Soileau residence. Therefore, any mention of marijuana seized in Texas is totally outside the realm of permissible questioning. The defendant did not limit his request to an admonition; he moved for a mistrial. While the trial judge was correct in sustaining the objection, he erred in not granting the defendant’s motion for a mistrial. Under La.C.Cr.P. art. 770(2), when the district attorney makes a reference to another crime committed by the defendant, the court shall declare a mistrial.
Therefore, we are required to reverse the defendant’s convictions. The defendant’s sentences are vacated, and the case is remanded for a new trial in accordance with the law.
CONVICTIONS REVERSED; REMANDED FOR NEW TRIAL.