596 So.2d 306 (1992)
STATE of Louisiana
v.
Willie D. WATTS.
No. Cr91-717.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Writ Denied May 22, 1992.
*307 John Crochet, Public Defender Office, Lake Charles, for defendant-appellant.
Todd Clemmons, Paul Reggie, Asst. Dist. Attys., Lake Charles, for plaintiff-appellee.
Before GUIDRY, J., and MARCANTEL and CULPEPPER, Judges Pro Tem.
GUIDRY, Judge.
Defendant, Willie D. Watts, was indicted on one count of distribution of cocaine. He pled not guilty and was tried before a twelve member jury that returned a verdict of guilty as charged. Defendant was sentenced to twenty years imprisonment. He appeals his conviction and the sentence imposed.

FACTS
On December 15, 1989, Bobby Arceneaux, a Calcasieu Parish Sheriff's Deputy, received information from a confidential informant. Based upon this information, Deputy Arceneaux met with two detectives, Antonio Rogers and Rick Trammel, in the parking lot of a downtown Lake Charles law firm. Arceneaux's person and car were searched for contraband, then a body wire transmitter was placed on him for surveillance purposes. The detectives gave Arceneaux five $20.00 bills, which had been photocopied, to make drug purchases. Detectives Trammel and Rogers and Deputy Arceneaux then left the parking lot of the law firm, in separate vehicles, and proceeded to Gate's Service Station on Highway 14 where Deputy Arceneaux had arranged to meet the confidential informant.
Deputy Arceneaux picked up the confidential informant (CI) and, with Detectives Trammel and Rogers conducting surveillance on his car, proceeded to the Rolls Royce Club at the intersection of Geiffers and North Franklin Streets in Lake Charles. Upon arriving at the club the CI exited the car and approached an orange Toyota Tercel bearing Tennessee license plates while Arceneaux remained in his car. Defendant exited the orange car and, along with the CI, walked to the rear of that vehicle. Approximately ten seconds after the CI and defendant went to the rear of the car, the CI motioned for Deputy Arceneaux to come to his location.
Arceneaux left his car and approached the CI and defendant. Arceneaux asked defendant "What can I get for $100?" The defendant told Arceneaux and the CI to step to the side of the building. As the trio approached the side of the building, a lady exited the club and told defendant she needed someone removed from inside. Defendant told Arceneaux and the CI to wait, he would be back. When defendant came back and was approaching Arceneaux and the CI, defendant was once again interrupted. After taking care of the second interruption, defendant asked Arceneaux if he still wanted $100 worth of dope. Arceneaux replied yes. The three men then proceeded to the side of the building where several black males were sitting. Defendant reached into his right sock and extracted *308 a plastic bag containing what appeared to be 15 to 20 pieces of crack cocaine. Defendant took five pieces out and gave them to Arceneaux in exchange for $100. Deputy Arceneaux identified defendant at trial as the person who sold him the rock cocaine.
After leaving the club, Arceneaux dropped the CI off at the Gates station and went back to the law office parking lot where the cocaine was transferred to the detectives. The cocaine was deposited into an evidence bag, dated, sealed and initialed by Deputy Arceneaux. The next day the rocks were transported by Detectives Trammel and Rogers to the crime lab where they were analyzed and found to contain cocaine.

ASSIGNMENT OF ERROR NO. 1
Defendant urges that the trial court erred in allowing the State to conduct additional voir dire of prospective jurors after they had been tendered and temporarily accepted by the parties.
La.C.Cr.P. art. 786 provides:
"The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. A prospective juror, before being examined, shall be sworn to answer truthfully questions asked him relative to his qualifications to serve as a juror in the case."
It is well settled that the scope of voir dire examination is within the trial judge's sound discretion and his rulings thereon will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Williams, 457 So.2d 610 (La. 1984). In State v. Perry, 420 So.2d 139 (La.1982); stay denied, 427 So.2d 863; certiorari denied, 461 U.S. 961, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1982), the court stated:
"We have recognized that the purpose of voir dire examination is to determine qualifications of prospective jurors by testing their competency and impartiality. It is designed to discover bases for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. The scope of voir dire examination is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Murray, 375 So.2d 80 (La.1979); State v. Jackson, 358 So.2d 1263 (La. 1978)."
La.C.Cr.P. art. 795 states in pertinent part:
"A. A juror shall not be challenged for cause after having been temporarily accepted pursuant to Paragraph A of Article 788 unless the challenging party shows that the cause was not known to him prior to that time.
B. (1) Peremptory challenges shall be exercised prior to the swearing of the jury panel."
The judge in the case sub judice allowed voir dire to be re-opened in that he allowed the State to question two temporarily accepted and sworn jurors about the answers they gave in the initial voir dire. In both cases the information sought was aimed at the prospective jurors competency and impartiality and was designed to discover bases for challenges for cause or for intelligent exercise of peremptory challenges. Authement was questioned further about a friend who had been employed in undercover work in a case of some magnitude, and Mrs. Grogan was questioned about her son's conviction and probation. Authement was allowed to remain as a juror; however, Mrs. Grogan was peremptorily challenged. We conclude that the decision to re-open voir dire after a potential juror is temporarily accepted and sworn is within the discretion of the trial judge, subject to the limitations set forth in La. C.Cr.P. art. 795. Defendant has failed to show an abuse of discretion by the trial judge in allowing this additional voir dire and the excusal of Mrs. Grogan peremptorily. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant next urges that the trial court erred in denying defendant's motion for *309 mistrial. He alleges that during closing arguments the State made reference to the defendant's failure to testify.
La.C.Cr.P. art. 774 provides:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant."
La.C.Cr.P. art. 770 provides in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(3) The failure of the defendant to testify in his own defense; ..."
In his closing argument the prosecutor stated "Now let's turn to the defense case. There is no case. The State's case stands uncontradicted, uncontro verted." Defendant urges this was an indirect reference to the failure of defendant to testify, thus a mistrial was warranted pursuant to La.C.Cr.P. art. 770.
Defendant contends his argument is strengthened by the fact that defendant is the only one who could have been called to controvert or contradict the State's case. The State urges to the contrary pointing to Deputy Bobby Arceneaux's testimony that the defendant sold him five rocks of cocaine while standing among several persons. The State contends that any of the people present during the transaction could have been called to refute Deputy Arceneaux's testimony.
In the case of State v. Porter, 547 So.2d 736 (La.App.3rd Cir.1989), this court considered this same issue. In Porter, the prosecutor, in closing argument, stated:
"...
There also is no evidence put on on behalf of either one of these defendants refuting what these confidential informants told Mr. Strother and told Detective Dixon. One very important point to leave you with. Where has been the explanation given to you on behalfany witnesses on behalf of Eichelle Porter about where he was on November the 2nd? About where he was on November the 4th?" Id. at 741.
Citing State v. Jackson, 454 So.2d 116 (La. 1984), we held that an indirect reference to a defendant's failure to testify does not constitute reversible error unless the prosecutor intended to emphasize the defendant's failure to testify. We found that the statement made by the prosecutor was not intended to focus attention on defendant's failure to testify but instead referred to a lack of evidence of the defense to contradict that offered by the State.
The prosecutor in the case sub judice simply referred to a lack of evidence to refute or contradict that presented by the State. As in Porter, supra, we find the reference to a lack of evidence permissible argument.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant next urges that the trial court erred in giving an improper jury instruction on the definition of reasonable doubt.
La.C.Cr.P. art. 804 provides in pertinent part:
"The court may, but is not required to, define `the presumption of innocence' or `reasonable doubt' or give any other or further charge upon the same than that contained in this article."
The judge in the instant case chose to define reasonable doubt and did so as follows:
"Reasonable doubt is based on reason and common sense and is present when, after you have carefully considered all the evidence, you cannot say that you are firmly convinced of the truth of the charge." *310 This exact definition was found to be correct by our brethren of the Fourth Circuit in the case of State v. Bartholemew, 562 So.2d 1086 (La.App.4th Cir.1990), writ denied, 585 So.2d 563 (La.1991). We agree with the Fourth Circuit on this issue. See also State v. West, 552 So.2d 478 (La.App. 4th Cir.1989), writ granted, 560 So.2d 33 (La.1990), reversed, 568 So.2d 1019 (La. 1990). Additionally, our examination of the jury instructions in the case sub judice taken as a whole convinces us that such instructions adequately informed the jury that the defendant was presumed innocent until proven guilty and was entitled to the benefit of any reasonable doubt. Because the instructions fulfilled the requirements of La.C.Cr.P. art. 804 there is no error.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
These two assignments of error are considered together as they are closely related and present similar legal issues. Defendant contends that the trial judge failed to articulate his reasons for the sentence imposed as required by La.C.Cr.P. art. 894.1. He also urges that the sentence imposed was excessive.
It is not necessary for the sentencing judge to articulate every criteria of La.C.Cr.P. art. 894.1; however, the record must reflect that the court adequately considered them in particularizing the sentence to the defendant. If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand. State v. Cottingin, 476 So.2d 1184 (La.App. 3rd Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3rd Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App.3rd Cir.1983), writ denied, 433 So.2d 166 (La.1983).
As stated in Cottingin, supra:
"There are two underlying purposes of the codal requirement that the sentencing court articulate the specific reasons based on particular facts and considerations for imposing a sentence. First, it ensures that the sentence is particularized to the defendant ... In addition it aids the reviewing court in the determination of whether the sentence imposed is excessive by providing an actual indication of whether the sentencing court adequately considered the statutory guidelines." (citations omitted) Cottingin, 476 So.2d at 1186.
In this case, the judge noted that defendant had an extensive prior criminal record, a 1983 conviction for possession of controlled dangerous substances and possession of stolen property; a 1976 armed robbery conviction; and, a 1968 simple burglary conviction. The judge noted that each time defendant was released from jail he got into trouble again. The judge also stated that he would not consider probation because of defendant's prior record. In mitigation of defendant's sentence, the trial judge noted the fact that defendant was not in possession of an "extra large amount of cocaine".
The trial judge's reasons for sentencing are minimal. However, the testimony presented at trial and defendant's prior record support the sentence imposed.
Defendant also complains of the excessiveness of his sentence. The twenty year sentence is not the maximum statutory penalty. La.R.S. 40:967(B)(1) provides the range of sentence for distribution of cocaine to be not less than five years nor more than thirty years and, in addition, a fine of not more than $15,000.
The imposition of an excessive sentence is prohibited by both the state and federal constitutions. La. Const. art. 1 § 20, U.S. Const. Amendment 8. The imposition of a sentence, although within statutory limits, may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in *311 the light of the harm done to society, it is so disproportionate as to shock our sense of justice. State v. Reed, 409 So.2d 266 (La.1982).
The judge noted a serious prior criminal record and the failure of defendant to take advantage of probation. Defendant was not sentenced to the maximum term of imprisonment due to the fact that he was in possession of a relatively small amount of cocaine. Based upon the considerations cited by the judge, particularly defendant's prior criminal record, we find that defendant's sentence is not excessive.
For the foregoing reasons, defendant's conviction and the sentence imposed are affirmed.
AFFIRMED.