THIBODEAUX, Judge.
On November 14, 1988, defendant was charged by bill of information with attempted second degree murder. Defendant pled not guilty, was tried by jury and convicted of attempted manslaughter in violation of LSA-R.S. 14:27 and 14:31. On May 26, 1989, defendant was sentenced to serve ten years at hard labor. Subsequently, defendant was granted an out of time appeal assigning eight errors. Finding a *155 lack of merit in his assignments of error, we affirm his conviction and sentence.
Prior to the alleged crime, the defendant and the victim, Annie Mitchell, lived together for fifteen years while bearing five children. During this fifteen year period, the couple fought off and on while defendant allegedly physically abused Ms. Mitchell repeatedly.
It was during one of these fights that defendant slapped Ms. Mitchell and she decided to leave the household taking the children with her. Apparently, defendant was upset because Ms. Mitchell gave his lunch meat to the children to eat. After disappearing for four days, Ms. Mitchell went back to work on August 27, 1988. At 11:30 p.m. on this same date, the defendant called her at work in an attempt to reconcile. She refused to talk to him because she was busy working. However, the defendant went to see her at work anyway. After a short conversation wherein Ms. Mitchell told the defendant that she was not going to return home, he pulled a knife out of his back pocket. The defendant started stabbing Ms. Mitchell, causing her to fall down on her back. Defendant continued to stab Ms. Mitchell in the chest even after the blade of the knife broke off inside of her chest. Although several people answered Ms. Mitchell’s screams, the defendant continued to stab her. Eventually, the defendant fled the scene while stating “Now, bitch, I’m going to the penitentiary, now.” Although Ms. Mitchell did not die from the attack, she testified that she received seventeen stab wounds. Contrarily, while defendant admits stabbing Ms. Mitchell, he claims that she produced the knife from her brassiere and began stabbing him. As a result, defendant contends he was merely protecting himself from her attack when he stabbed her seventeen times.
ASSIGNMENT OF ERROR NO. 1:
By this assignment, defendant contends the trial court erred in charging the jury as follows:
Intent is a question of fact which may be inferred from the circumstances. You may infer that the defendant intended the natural and probable consequences of his acts.
The defendant, citing Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), argues the due process clause of the Fourteenth Amendment prohibits the state from utilizing evidentiary presumptions in a jury charge that have the effect of relieving the state of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. The defendant further argues that the ruling in Sandstrom, supra, was upheld by the Supreme Court and this court in regard to instructions “virtually identical” to the instructions given in Sandstrom, supra. See, State v. Heads, 385 So.2d 230, 231 (La.1980); State v. Corley, 587 So.2d 193 (La.App. 3d Cir.1991), writ denied, 590 So.2d 1199 (La.1992).
In Sandstrom, supra, the Supreme Court reversed a conviction of “deliberate homicide” where the trial judge’s instruction to the jury read, “The law presumes that a person intends the ordinary consequences of his voluntary acts.” Sandstrom, 442 U.S. at 512, 99 S.Ct. at 2453. Furthermore, the defendant in Sandstrom, supra, objected to the instruction.
The cases cited by the defense in regard to this assignment of error do not support his argument. The defendant in this case did not make a contemporaneous objection as in Sandstrom, supra. In the case sub judice, the judge clearly stated the jury could infer, not presume, from the consequences that a defendant intended the natural and probable consequences of his acts. The Supreme Court in Sandstrom, 442 U.S. at 514-15, 99 S.Ct. at 2454, distinguished a situation where the jurors might be told they had a choice or that they might infer that conclusion, suggesting such comment would be proper.
For the foregoing reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2:
By this assignment, defendant contends the bill of information is defective in that it *156 contains the language “or to inflict great bodily harm.”
Defendant alleges that the bill of information as read by the court sets forth two different kinds of specific intent. According to defendant, specific intent to inflict great bodily harm is not the standard by which to determine the issue of guilt or innocence on a charge of attempted second degree murder.
Although this court has held that it is reversible error to include in a jury charge the words “or to inflict great bodily harm” when defining attempted second degree murder, State v. Guin, 444 So.2d 625 (La.App. 3d Cir.1983), such a statement in a bill of information is not error. The purpose of a bill of information is to fairly inform the defendant of the charges against him while a charge to a jury is an instruction to the jury on exactly how to apply the law. La.C.Cr.P. arts. 464 and 802. The indictment is not fatally defective in that it did in fact fairly inform the defendant of the charges of which he was accused. Furthermore, because defendant was convicted of attempted manslaughter and not attempted second degree murder, any error in the indictment is harmless.
Additionally, defendant failed to object to this alleged error until this appeal. Defendant did not file a motion to quash the bill of information nor did he object to its contents during trial. As stated by this court, a defendant cannot complain of a technical insufficiency in a bill of information after conviction if it fairly informs the defendant of the criminal charge against him. State v. Robinson, 549 So.2d 1282 (La.App. 3d Cir.1989). The defendant must further show he has been prejudiced by surprise or a lack of notice. Robinson, supra. When a defendant does not claim he was surprised or prejudiced, this court’s inquiry is limited to whether the bill of information fairly informed him of the charge. Robinson, supra.
The relevant portion of the bill of information in the case sub judice states:
IN THAT HE DID ON OR ABOUT THE 27TH DAY OF AUGUST, 1988 attempt with specific intent to kill or to inflict great bodily harm, attempt to kill ANNIE MITCHELL in violation of R.S. 14:27 & 14:30.1.
Defendant was billed for attempted second degree murder stemming from defendant’s act of stabbing Annie Mitchell seventeen times. The bill fairly informed the defendant of the charge against him. Defendant was not surprised nor prejudiced by the charge contained in the bill. Moreover, defendant does not argue that he was surprised or prejudiced by the superfluous language in the bill of information.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3:
By this assignment, defendant contends the trial court erred in failing to instruct the jury on the definition of “battery” when it gave instructions on the responsive verdict of aggravated battery.
A battery is “the intentional use of force or violence upon the person of another; ... ”. LSA-R.S. 14:33. An aggravated battery is “a battery committed with a dangerous weapon.” LSA-R.S. 14:34. The trial court in instructing the jury stated: “Aggravated battery is defined as the intentional use of force or violence upon the person of another with a dangerous weapon. A dangerous weapon includes any instrumentality which in the manner used is calculated or likely to produce death or great bodily harm.”
Obviously, the trial court properly defined aggravated battery as contemplated by the criminal laws of this state. Therefore, this assignment lacks merit.
ASSIGNMENT OF ERROR NO. 4:
By this assignment, defendant contends the trial court erred in permitting the state to give a ruler to the jury without laying the proper foundation. On appeal, defendant claims there was no foundation laid regarding the ruler’s accuracy or its identity. However, counsel at trial objected to the relevancy of the ruler and not to the lack of a proper foundation. The Louisiana Supreme Court has held that a defendant is limited on appeal to those *157 grounds articulated at trial so the trial court may have the opportunity to cure any possible error. State v. Jackson, 450 So.2d 621 (La.1984).
By failing to urge at trial the lack of a proper foundation, defendant thwarted any opportunity the trial court may have had to cure this alleged error.
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 5 AND 6:
Defendant alleges the trial court erred in permitting the state to cross-examine the defendant regarding details of a prior offense. Secondly, he argues the state improperly commented on the evidence.
Because of defendant’s failure to object at trial to each of these assignments, they will be treated together.
Both of these assignments relate to testimony elicited, or comments made by, the state. However, defendant failed to object at trial to any of the alleged prejudicial testimony or comments. La.C.Cr.P. art. 841 states:
A. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
Due to defendant’s failure to object at trial, these assignments will not be considered.
Moreover, the defendant did not move for a mistrial after the state asked the defendant about other times when he had slapped Ms. Mitchell. Under La.C.Cr.P. art. 770, a failure to move for a mistrial constitutes a waiver of the error. Appellant cites State v. Silguero, 594 So.2d 1070 (La.App. 3d Cir.1992) in support of his position that “other crimes evidence” was inadmissible. That support is misplaced. State v. Silguero, supra, was reversed by the Louisiana Supreme Court. See, State v. Silguero, 608 So.2d 627 (La.1992).
ASSIGNMENTS OF ERROR NOS. 7 AND 8:
By these assignments, defendant contends the trial court erred in permitting the state to comment upon defendant’s failure to produce a witness. He argues that such a comment refers to his failure to testify in his own defense in violation of La.C.Cr.P. art. 770(3) which states:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
[[Image here]]
(3) The failure of the defendant to testify in his own defense....
The objectionable reference, occurring during cross-examination of defendant, is seen below:
A Dorothy Dyer, Mr. Burt Reynolds out of the Office of Family Services, the one that give us the services.
Q Are those people here today to testify about all that?
A No.
BY MR. EVERETT: Objection, Your Honor.
THE COURT CALLED A BENCH CONFERENCE.
BY THE COURT: Overruled.
Defendant claims the reference to the absence of these witnesses can be analogized to a failure by him to testify in his own defense. In support, defendant cites State v. Stephenson, 412 So.2d 553 (La.1982) which states that to warrant a mistrial, the inference must be plain that the remark was intended to bring to the jury’s attention the failure of the defendant to testify. In that case, the state referred to defendant’s failure to introduce any tests results which were impliedly favorable to defendant. The court determined the state did not refer to a failure by the defendant to testify in his own defense but merely pointed out a weakness in his case. This *158 case contains a similar reference by the state to defendant’s failure to introduce evidence and has nothing to do with any failure by the defendant to take the stand and testify. In fact, at the time of the alleged error, the defendant was testifying in his own defense. Furthermore, this court has recently held that a reference by the state to a defendant’s failure to call witnesses is a permissible reference to a lack of evidence of the defense. State v. Watts, 596 So.2d 306 (La.App. 3d Cir.1992), writ denied, 599 So.2d 316 (La.1992); citing State v. Porter, 547 So.2d 736 (La.App. 3d Cir.1989). In Porter, the state closed by stating, “Where has been the explanation given to you on behalf any-witnesses on behalf of Eichelle Porter about where he was on November the 2nd?” This reference in Porter is the same type of reference found in the case sub judice. The state herein was merely pointing out the weaknesses in the defendant’s case. Additionally, neither of the defendants in Watts or Porter testified as did the defendant in this case.
This assignment lacks merit.
ERROR PATENT
The record does not disclose that the defendant was informed of the time limitation under La.C.Cr.P. art. 930.8 within which to file an application for post conviction relief.
The district court is directed to inform the defendant of La.C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and file written proof that the defendant received notice in the record of the proceedings. Otherwise, the defendant’s conviction and sentence are affirmed.
AFFIRMED.