549 So.2d 1282 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Billy Lane ROBINSON a/k/a Billy Van Robinson, Defendant-Appellant.
No. CR88-1295.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
*1283 David J. Williams, Lake Charles, for defendant-appellant.
Patricia Head and Beth Conrad, Asst. Dist. Attys., Lake Charles, for plaintiff-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Defendant, Billy Lane Robinson a/k/a Billy Van Robinson, was charged by bill of information on April 7, 1986, with aggravated battery, a violation of LSA-R.S. 14:34. On September 11, 1986, a six person jury found defendant guilty of second-degree battery, a lesser included offense. On September 25, 1986, the State filed a bill of information seeking defendant's adjudication as a third habitual offender under LSA-R.S. 15:529.1. The trial court found the defendant to be a third felony offender and sentenced him to seven years at hard labor.
Defendant appeals his conviction for second-degree battery, his adjudication as a third felony offender, and attacks his sentence as a third felony offender, relying on six assignments of error. Three assignments of error were neither briefed nor argued. Thus, they are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

FACTS
On February 26, 1986, defendant telephoned Carolyn Ann Beason at her mother's house to arrange an afternoon visit with their son. Carolyn informed the defendant to come by the house around 11 a.m. The defendant stopped at the house at approximately 11:30 a.m., and informed Carolyn that something had come up and that he would stop again around 2 p.m. Approximately, 2:30 p.m., Carolyn returned home from a girl friend's house.
Upon her arrival the defendant began cursing her because of the son's dirty face. Carolyn walked to the house and returned with a washcloth. Defendant then snatched the washcloth from her hands and wiped their son's face. When defendant began to curse Carolyn again, Carolyn returned to her mother's house with defendant following, but she did not allow defendant to enter her mother's home.
After a short time of shouting on the porch, defendant entered the home. Once in the home, defendant demanded that Carolyn return the pair of shorts she was wearing because he had supposedly bought *1284 them for her. In response, Carolyn left the room to change pants and returned, throwing the pair of shorts at him. Defendant opened a folding pocket knife, cut the pair of shorts into pieces, threw the shredded material at Carolyn, and advanced toward her. Defendant repeatedly refused to leave the house. As Carolyn attempted to exit through the back door, defendant grabbed her and pushed her into an area between the cabinets and the stove. As Carolyn lowered her head and raised her arm to avoid being struck in the face, defendant stabbed her twice in the back of the head. Defendant left the house and proceeded to his automobile. Carolyn exited the house and shouted to her neighbors that defendant had just stabbed her. A short time later, defendant was arrested.

BILL OF INFORMATION
Defendant contends that the bill of information which charged him with aggravated battery was defective because it defined battery as an "unauthorized touching" as oppossed to the "intentional use of force or violence" upon another.
A defendant cannot complain of the technical insufficiency of a bill of information after conviction where the accused has been fairly informed of the criminal charge against him, and has not been prejudiced by surprise or lack of notice, and he will not be truly subject to any jeopardy of further prosecution. State v. James, 305 So.2d 514 (La.1974).
In the case sub judice, the bill of information alleged that defendant "committed an unauthorized touching of Carolyn Beason with a dangerous weapon, to wit: A knife, in violation of LSA-R.S. 14:34."
LSA-R.S. 14:33 defines battery as "the intentional use of force or violence upon the person of another." The jurisprudence has further stated that a battery "includes every touching or laying hold, however trifling, of another person ... in an angry, revengeful, rude, insolent, or hostile manner." State v. Robertson, 48 La.Ann. 1067, 20 So. 296 (1896); State v. Foster, 156 La. 891, 101 So. 255 (1924).
The record shows that defendant failed to object to the alleged technical defects in the bill of information before conviction. Defendant has not claimed that he was prejudiced or surprised. Accordingly, our inquiry is limited to whether the bill of information fairly informed the defendant of the charge against him.
Defendant was billed for "aggravated battery" which requires a battery with a dangerous weapon. In this respect, the bill of information more than adequately informed him of the crime charged. By this wording, we do not find defendant was prejudiced or surprised.
Defendant's assignment of error is without merit.

SECOND-DEGREE BATTERY
Defendant next contends that the State failed to prove beyond a reasonable doubt that he committed all the essential elements of the crime of second-degree battery. He argues that the State failed to prove that the victim suffered extreme physical pain and consequently, the requisite of serious bodily injury specified in the definition of second-degree battery was not met.
LSA-R.S. 14:34.1 defines the crime of second-degree battery as:
"Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death."
To convict a person of second-degree battery, the State must prove the following elements beyond a reasonable doubt: (1) the intentional use of force or violence upon the person of another; (2) without the consent of the victim; and, (3) when the offender has specific intent to inflict serious bodily injury. State v. Fuller, *1285 414 So.2d 306 (La.1982). Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). Moreover, specific intent is a state of mind which need not be proven as a fact, but may be inferred from the circumstances of the transaction and actions of the defendant. State v. Fuller, supra.
The only element which defendant contests in the case sub judice is that the State failed to prove the defendant inflicted serious bodily injury upon the victim. We disagree.
In the present case, when Carolyn attempted to flee, defendant pursued her and threw her into a corner. Defendant then stabbed Carolyn twice in the head with a large folding knife as she was crouched in a defensive position. From these facts we find that any rational trier of fact could have concluded beyond a reasonable doubt that defendant specifically intended to inflict extreme physical pain or a substantial risk of death upon Carolyn. Therefore we find that the evidence was sufficient to support defendant's conviction.
Defendant's assignment of error is without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant argues that he was denied effective assistance of counsel. As examples of ineffective assistance of counsel, defendant contends that trial counsel: (1) failed to notice defects in the bill of information; (2) withdrew his motion for a preliminary examination; (3) failed to produce witnesses who could testify about Carolyn's hostile character; and, (4) failed to produce evidence that Carolyn had cut herself in the past, even though he stated in his opening statement that he would produce such testimony.
A defendant in a criminal proceeding must have effective assistance of counsel. U.S. Const. Amend. VI; LSA-La. Const. Art. 1, Section 13. A claim of ineffective assistance of counsel, necessarily requires an inquiry into mixed questions of law and fact. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court will ordinarily not review an issue of ineffective assistance of counsel on direct appeal, unless the record discloses the necessary evidence to decide the issue and the alleged ineffectiveness is raised on appeal by assignment of error. State v. Ratcliff, 416 So.2d 528 (La.1982). When the record does not disclose the necessary evidence to decide the issue of ineffective assistance of counsel, the claim will be more properly raised in a post-conviction writ in the trial court where the district judge can order a full evidentiary hearing. State v. Seiss, 428 So.2d 444 (La.1983).
After carefully reviewing the trial transcript, we find the record does not disclose the necessary evidence to decide defendant's claim of ineffective assistance of counsel. Therefore we find that this claim is not properly before us.

HABITUAL OFFENDER HEARING AND SENTENCING
Defendant contends that his adjudication as a third felony offender under LSA-R.S. 15:529.1 and his sentencing thereunder were improper because the trial court did not advise him of his right to remain silent during the sentencing enhancement phase pursuant to subsection (D) of that statute, and that more than 5 years elapsed between his discharge from a prior felony conviction and the present criminal act. Consequently, defendant argues that his adjudication as a habitual offender and his sentencing thereunder were improper. We agree.
To sentence a defendant under the habitual offender statute, LSA-R.S. 15:529.1, the trial court must strictly follow the requirements of the statute. State v. Simmons, 422 So.2d 138 (La.1982).
LSA-R.S. 15:529.1(D) provides:
"If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been *1286 convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated." (Emphasis added.)
In State v. Johnson, 432 So.2d 815, 817 (La.1983), the Louisiana Supreme Court stated:
"Before the defendant chooses to acknowlege or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a `formal hearing' and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La. 1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent."
In the case sub judice, the colloquy at the habitual offender hearing is as follows:
"THE COURT: Mr. Billy Lane Robinson; are you also known as Billy Van Robertson, also known as Billy Van Robinson, is that correct?
MR. ROBINSON: My name is Billy Van Robinson.
THE COURT: Mr. Robinson, you have been convicted by a jury of second degree battery. It is my understanding from the record that you were convicted of eleven counts of forgery and nine counts of felony theft under Revised Statute 14:71 and 14:67 and you were sentenced on April the 30th, 1974, is that correct?
MR. ROBINSON: Yes, sir.
THE COURT: It is also my understanding from the record that on December the 14th, 1977, you were convicted of two counts of burglary and two counts of felony theft, under Revised Statutes 14:62 and 14:67. You were sentenced on December the 14th, 1977, is that correct?
MR. ROBINSON: I'm not sure of the dates but it's correct, sir.
THE COURT: There being an admission thereof, the court has no alternative but to sentence you as a third habitual offender in accordance with Revised Statute 15:529.1. Mr. Robinson, the Court, of course, has found you a habitual offender in this instance...."
In the sentencing hearing, the record shows the following colloquy:
"THE COURT: How many felonies have you been convicted of Mr. Robinson?
MR. ROBINSON: This is the third one.
THE COURT: Mr. Robinson, the Court considers that the maximum sentence in this case, would be be [sic] a ten-year period, under this statute. However the Court has considered, and in fact this was a conviction of second degree battery, that the maximum sentence therefor is five years for the first offense. Considering the fact that this is your third felony and the fact that this was a *1287 crime of violence, to give you a lesser sentence, of course, would deprecate the seriousness of the offense in this instance. The Court, of course, could not even consider probation in this particular instance because of the prior convictions of felonies.

* * * * * *
In this particular instance, the Court feels that the proper sentence is to sentence you to seven years with the Department of Corrections. Therefore, that is the Court's sentence."
After carefully reviewing defendant's habitual offender hearing, we find that the trial court failed to advise defendant of his right to remain silent before accepting defendant's confession as being the person who had been previously convicted twice. Therefore we must set aside defendant's adjudication as a third felony offender and remand the case.
Furthermore, defendant contends that the trial court erred when it found him to be a habitual offender, because the State failed to present evidence that the five year cleansing period provided by LSA-R.S. 15:529.1(C) had not elapsed.
In determining whether convictions are applicable for purposes of the habitual offender statute, LSA-R.S. 15:529.1(C) provides:
"This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted...."
When determining the expiration of a given sentence for the purpose of the habitual offender statute, it is not the imposed sentence which governs, but the date of the person's actual discharge from supervision by the department of corrections. State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La. 1982). Therefore, the State must present prima facie evidence of when the defendant was discharged from incarceration or custody. State v. Anderson, 349 So.2d 311 (La.1977).
In the case sub judice, defendant's most recent conviction was in 1977, nine years before the present offense. There was no evidence introduced which would indicate the date of defendant's actual discharge from the department of corrections. Accordingly, we find that the State failed to produce evidence during the habitual offender proceeding that the five year cleansing period had not elapsed for either the 1974 conviction or the 1977 conviction. Therefore, the State failed to present sufficient evidence to sentence defendant as a habitual offender.
For the foregoing reasons, defendant's conviction for second-degree battery is affirmed. However, we vacate defendant's adjudication as a third felony offender, set aside his sentence as a third felony offender, and remand the case to the trial court for further proceedings and resentencing in accordance with law.
CONVICTION FOR SECOND-DEGREE BATTERY AFFIRMED; ADJUDICATION AS THIRD FELONY OFFENDER VACATED, SENTENCE SET ASIDE, AND CASE REMANDED.