774 So.2d 79 (2000)
STATE of Louisiana
v.
Eddie JOHNSON.
No. 1999-KO-3462.
Supreme Court of Louisiana.
November 3, 2000.
*80 PER CURIAM.
GRANTED. The judgment of the appellate court is vacated, the defendant's convictions and sentences are vacated, and this case is remanded to the district court for further proceedings in accord with the law.
It appears that after the Fourth Circuit reversed the defendant's first set of convictions because a reasonable probability existed that the state called the co-defendant to the stand solely for purposes of impeaching him with a videotaped statement which was otherwise inadmissible against the defendant, State v. Johnson, 92-2174 (La.App. 4th Cir.7/27/93), 622 So.2d 876 (unpub'd), writ denied, 93-2317 (La.11/19/93), 629 So.2d 397, the state edited the statement from 45 minutes to six and one-half minutes. Over vigorous defense objection, the state then played the edited statement at the defendant's retrial. In this taped statement, which this Court obtained and independently reviewed, the co-defendant admitted that he had entered the victim's home with an accomplice and pushed the victim down but then bolted from the scene as his accomplice prepared to assault the victim sexually. Throughout this edited statement, the co-perpetrator identified his accomplice by the name Eddie Jones, insisting on the name Jones and not Johnson, and that he was positive of his identification because he "grew up with him." The playing of the tape provided the context for testimony by a police officer that during his statement, even as he used the name Eddie Jones, the co-defendant selected the same picture of the defendant identified by the victim in a photographic lineup. As he had in the defendant's first trial, the co-defendant appeared as a state witness, denied that the defendant was Eddie Jones, and generally denied committing the crimes, although he admitted to giving the videotaped statement. The co-defendant gave consistent answers on cross-examination. In his rebuttal argument the prosecutor then vouched for the truth of the co-defendant's assertive act in identifying his accomplice by picture and for the truth of the police officer's testimony that the photograph depicted the defendant, Eddie Johnson.
Assuming a proper foundation, the credibility of any witness may be attacked by extrinsic evidence, including prior inconsistent statements. La.C.E. art. 607(D). Admission of the evidence, which bears solely on the issue of credibility, turns on a judicial determination that the probative value of the extrinsic evidence is not substantially outweighed by undue consumption of time, confusion, or unfair prejudice. La.C.E. art. 607(D); State v. Owunta, 99-1569, p. 1 (La.5/26/00), 761 So.2d 528, 529; State v. Cousin, 96-2673, pp. 12-13 (La.4/14/98), 710 So.2d 1065, 1071. When a non-party witness's credibility is attacked through prior inconsistent statements incriminating the accused, the evidence is generally not admissible for its assertive value as substantive evidence of guilt. Owunta, 99-1569 at 1, 761 So.2d at 529; Cousin, 96-2673 at 8-9, 710 So.2d at 1069. An exception to this general rule exists for cases in which the witness's prior inconsistent statement also constitutes a prior statement of identification for purposes of La.C.E. art. 801(D)(1)(c), Louisiana's counterpart of Fed.R.Evid. 801(d)(1)(C). See United States v. Brink, 39 F.3d 419, 426 (3rd Cir.1994) ("`If at trial the eyewitness fails to remember or denies that he made the identification, the previous statements of the eyewitness can be proved by the testimony of a person to whom the statement was made, and the statement can be given substantive effect.") (quoting Jack B. Weinstein and Margaret A. Berger, Weinstein's Evidence, § 801(d)(1)(C) [01], at 801-222(1993)); see also State v. Wright, 98-0601 (La.App. 1st Cir.2/19/99), 730 So.2d *81 485 (prior identification made of the defendant by the witness in his testimony before a grand jury was admissible when the witness testified at trial that he could not identify the defendant), writ denied, 99-0802, 748 So.2d 1157. However, the custodial statements of a co-defendant identifying and implicating the defendant in the crime are presumptively unreliable as substantive evidence against the defendant. Lee v. Illinois, 476 U.S. 530, 541, 106 S.Ct. 2056, 2062, 90 L.Ed.2d 514 (1986) ("`Due to his strong motivation to implicate the defendant and to exonerate himself, a co-defendant's statements about what the defendant said or did are less credible than ordinary hearsay evidence."`) (quoting Bruton v. United States, 391 U.S. 123, 141, 88 S.Ct. 1620, 1631, 20 L.Ed.2d 476 (1968) (White J., dissenting).
The record shows that even in its severely redacted form, the videotape statement of the co-defendant had not lost its usefulness to the state as it pursued exactly the same strategy that led to the court of appeal's reversal of the defendant's first set of convictions. The videotape provided the state with the springboard for introducing the interrogating officer's testimony that during the interview the co-defendant had identified the victim's assailant by selecting the defendant's picture, although he had used the name Eddie Jones. The prosecutor then used the videotape and the police officer's testimony in tandem not simply to attack, by proof of a prior inconsistent statement, the credibility of the co-defendant's testimony at trial that the defendant was not Eddie Jones, but as substantive evidence of the defendant's guilt corroborating the prior identifications made by the elderly victim, who, by the time of the defendant's second trial, could no longer identify her assailant in court.
The error here was not harmless. Apart from the victim's prior identifications of the defendant, which she could not directly confirm at trial, the state's only other eyewitness was the co-defendant who exculpated the defendant on the stand and its corroborating medical evidence merely placed the defendant within a broad class of persons who could have committed the offense. A reviewing court cannot say on this record that the "guilty verdict actually rendered in this trial was surely unattributable to the error." Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993).
CALOGERO, C.J., would grant and docket.
TRAYLOR and KNOLL, JJ., would deny the writ.