829 So.2d 1009 (2002)
STATE of Louisiana
v.
Frederick D. STOKES.
No. 2001-K-2564.
Supreme Court of Louisiana.
September 20, 2002.
*1010 PER CURIAM:
Granted. The court of appeal erred in reversing the district court and that judgment is reversed and set aside. The defendant's conviction and sentence for aggravated battery in violation of La.R.S. 14:34 are reinstated, and this case is remanded to the district court for execution of sentence.
A prior statement by a witness which is "[o]ne of identification of a person made after perceiving the person," is nonhearsay when the witness appears and is cross-examined on the statement. La.C.E. art. 801(D)(1)(c). Such a statement may be used assertively, as substantive evidence of guilt, and may be established through the testimony of one to whom the statement was made. This is so even if the witness denies making an identification or fails or is unable to make an in-court identification. State v. Johnson, 99-3462, pp. 2-3, 774 So.2d 79, 80-81. The federal rule is similar. See Fed.R.Evid. 801(d)(1)(C); United States v. Brink, 39 F.3d 419 (3rd Cir.1994); United States v. Jarrad, 754 F.2d 1451 (9th Cir.1985). See also 5 Weinstein's Federal Evidence, (MB) § 801.23[1], p. 801-39 (2nd ed., Joseph M. McLaughlin, ed., 2002).
Given the admissibility of the victim's out-of-court statement identifying the defendant as the person who shot her, the missing 911 tape, recording the call of an unidentified neighbor moments after the shooting, does not constitute a material portion of the trial record the absence of which requires reversal, even assuming that the call identified the defendant as the shooter, and even assuming that the failure to identify the caller gave rise to some particularized concerns about the reliability of the statement as an excited utterance for purposes of La.C.E. art. 803(2). Cf. United States v. Mitchell, 145 F.3d 572, 576-77 (3rd Cir.1998).