STATE OF LOUISIANA      *      NO. 2024-KA-0370

VERSUS      *

     COURT OF APPEAL

KOBY DILLON      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 22-2359, DIVISION "B"
Honorable Michael D. Clement,
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)

Roger Williams Jordan, Jr.
LAW OFFICE OF ROGER W. JORDAN, JR.
336 Lafayette Street, Suite 301
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLANT

Charles Ballay
District Attorney, Parish of Plaquemines
Jason Napoli
Assistant District Attorney, Parish of Plaquemines
333 F. Edward Hebert Boulevard, Building 201
Belle Chasse, LA 70037

     COUNSEL FOR STATE/APPELLEE

         **CONVICTIONS AFFIRMED;
SENTENCES AFFIRMED IN
PART; VACATED IN PART; AND
REMANDED
    SEPTEMBER 9, 2025**

SCJ
NEK
MGM

Defendant, Koby Dillon ("Dillon"), appeals his convictions and sentences on Count 2, La. R.S. 40:966.A (1) & B (2)(a); Count 4, La. R.S. 14:95.E and Count 5, La. R.S. 14:95.1.  For the reasons that follow, we affirm all convictions and the sentences in Counts 2 and 4.  The sentence in Count 5 is vacated and set aside and remanded to district court to impose the statutory fine pursuant to La. R.S. 14:95.1.

## PROCEDURAL AND FACTUAL HISTORY

Dillon was charged by bill of information with possession with intent to distribute Schedule I controlled dangerous substance ("CDS") less than 2.5 lbs., (La. R.S. 40:966(A) & B(2)(a)); illegal use/possession/control of weapons-crime of violence/CDS (La. R.S. 14:95(E)); and possession of or carrying a concealed weapon by convicted felon (La. R.S. 14:95.1).  Dillon entered pleas of not guilty to all counts and the matter proceeded to trial on December 11, 2023.[1]

---

[1] Dillon was also charged with one count each of operating a vehicle with an obstructed windshield or window view (Count 1) and possession of drug paraphernalia (first offense) (Count 3), violations of La. R.S. 32:361.1 and 40:1025, respectively. The jury trial did not encompass these charges as they constitute misdemeanor offenses. The State dismissed both counts on February 28, 2024, following Dillon's convictions of the remaining felony charges.

1

The State's first witness was Detective Anthony Dugas ("Det. Dugas"), assigned to the division of Drug Interdiction and Criminal Enforcement ("DICE"). Det. Dugas was on patrol for traffic violations when he observed a 2020 Nissan Altima with heavily tinted windows. Det. Dugas initiated a traffic stop and subsequent thereto, Dillon rolled down his windows for officer safety. Det. Dugas smelled the strong odor of marijuana emanating from the open windows and conducted a search based on the smell.[2] His search yielded a loaded, forty-five caliber Glock handgun in the front center console, two large bags of loose vegetable matter, a digital weight scale, one box of Great Value Ziplock sandwich bags, as well as packets of seeds resembling marijuana seeds. Upon reviewing Dillon's driver's license and determining the car was registered to him, Det. Dugas placed Dillon under arrest and initiated a "criminal history check." The check revealed that Dillon had previous convictions for intimidation of a witness and illegal possession of a firearm with a CDS.

The State introduced into evidence the items retrieved from the search, the crime lab report that identified the vegetable matter seized as marijuana, and the certified conviction penitentiary packet ("pen-pack") of Dillon's prior convictions.

In its case in chief, the defense called Ray'delle Jones ("Mr. Jones"), a friend of Dillon. He testified that he owned the gun found in the search of Dillon's vehicle. On the day of the arrest, he claimed that he inadvertently left the gun in Dillon's car after Dillon had given him a ride home.

---

[2] Det. Dugas contacted Detective David McLean ("Det. McLean") to come to the scene as a "cover" officer for officer safety. Det. McLean arrived on the scene, but did not participate in the search.

By unanimous verdict, Dillon was found guilty as charged on all three counts. The defense filed a motion to reconsider sentence on December 18, 2023, and thereafter, filed motions for a new trial and a judgment notwithstanding the verdict on January 4, 2024. The district court denied the motions for a new trial and judgment notwithstanding the verdicts on January 24, 2024.

At the sentencing hearing held on February 28, 2024, the district court imposed the following sentences: five years imprisonment at hard labor for possession of marijuana with the intent to distribute; twenty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence for possession of a firearm while in possession of a CDS; and ten years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence for possession of a firearm by a felon, with all sentences to run concurrently. The district court orally denied Dillon's December 18, 2023 motion to reconsider sentence and granted Dillon's timely motion for appeal.

**ERRORS PATENT**

A review of the record for errors patent reveals a sentencing error based on the district court's failure to impose the mandatory fine required for Dillon's conviction of possession of a firearm by a felon. Louisiana Revised Statute 14:95.1 provides that the offender shall be "imprisoned at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars." Here, the district court sentenced Dillon to serve ten years at hard labor without benefit of probation, parole, or suspension of sentence, but did not impose the mandatory fine. Accordingly, Dillon's sentence for

3

possession of a firearm by a felon is vacated. The matter is remanded for re-sentencing to comply with La. R.S. 14:95.1(B)(1).

## ASSIGNMENTS OF ERROR

Dillon raises the following assignments of error:

1. The district court erred by failing to grant a mistrial when the State was allowed to introduce a non-enumerated felony—intimidation of a witness (La. R.S. 14:129.1)—as a predicate offense for felon in possession of a firearm (La. R.S. 14:95.1).

2. The district court erred in allowing the introduction of other crimes evidence at trial.

3. The testimony at trial was insufficient to convict for felon in possession of a firearm as the State failed to prove Dillon was in fact a convicted felon.

4. The testimony at trial was insufficient to show the substance seized was marijuana, a necessary element to convict for the offenses of possession with the intent to distribute marijuana and illegal possession of a weapon while in possession of a CDS.

5. The sentence imposed for possession of a firearm with a CDS was unconstitutionally excessive and the district court failed to comply with the sentencing guidelines of La. C.Cr.P. art. 894.1.

## DISCUSSION

"[I]n accordance with the well-settled jurisprudence that '[w]hen issues are raised on appeal as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence.'" *State v. Miner*, 2014–0939, p. 5 (La. App. 4 Cir. 3/11/15), 163 So.3d 132, 135 (quoting *State v. Hearold*, 603 So.2d 731, 734 (La. 1992).

**Sufficiency of Evidence Claims**

Assignments of Error 3 and 4 challenge the sufficiency of the State's evidence. Dillon challenges the sufficiency of the certified pen-packet to prove his

4

identity as having been previously convicted of a felony. Additionally, Dillon challenges the validity of the State's use of a La. R.S. 15:499 certificate of analysis report to establish the substance seized was marijuana in lieu of the testimony of a crime lab technician.

**Standard of Review**

The Supreme Court provided the standard for review of a claim of insufficiency of the evidence in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979):

> …the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.
> (Emphasis in original). (Citations omitted).

**Felon in Possession of a Firearm – La. R.S 14:95.1**

The State must satisfy the following elements to prove a violation of La. R.S. 14:95.1: (1) defendant possessed a firearm; (2) defendant has been convicted previously of a crime of violence or other enumerated felony; (3) defendant possessed the firearm within ten years of the prior conviction; and (4) defendant had the general intent to commit the offense. *State v. Bienemy*, 2023-0271, p. 6 (La. App. 4 Cir. 12/6/23), 382 So.3d 1011, 1016 (quotation omitted).

Dillon argues the evidence introduced at trial was insufficient to convict him of being a convicted felon in possession of a firearm. In particular, Dillon alleges the certified pen-pack was insufficient proof of a prior felony conviction in the

absence of testimony from a fingerprint analysis expert to show he was the same person identified in the pen-pack.

It is well-settled that in the prosecution to establish a prior felony conviction, "fingerprints on the bill of information [are] not necessary to establish" that a defendant is the same person previously convicted of the predicate felony, but his identity may be established in several ways:

> (1) testimony from witnesses; (2) expert opinion regarding the fingerprints of the defendant when compared with those in the prior record; (3) photographs in the duly authenticated record; or (4) evidence of identical drivers [sic] license number, sex, race and date of birth.

*State v. Galle*, 2011-0930, p. 22 (La. App. 4 Cir. 2/13/13), 107 So.3d 916, 930, citing *State v. Payton,* 2000–2899, p. 6 (La.3/15/02), 810 So.2d 1127, 1130-31.

In *State v. Hayes*, 2012-0357, p. 14 (La. App. 4 Cir. 1/23/13), 108 So.3d 360, 369, this Court found that the State proved the defendant committed the predicate offense reflected in the pen-pack, notwithstanding the absence of fingerprint analysis, as the conviction packet reflected the same name, birthdate, sex, and race as the defendant's, and trial testimony "corresponded with the state's proof."

At trial, the State introduced into evidence a certified true copy of the pen-pack of Dillon's prior convictions in the 24th JDC, Parish of Jefferson, State of Louisiana. Specifically, the pen-pack included:

- Certified True Copy of the 2012 true bill of indictment of Koby Dillon on two counts of violating La. R.S. 14:129, intimidate/impede injury to witness; one count of possession of handgun, while in possession of a CDS. La. R.S. 14:95(E);

- Certified True Copy of the 2014 guilty plea and accompanying signed waiver of rights form by Koby Dillon for the crime of La.

R.S. 14:129.1, intimidation of a witness—2 counts—and La. R.S. 14:95(E), possession of a firearm while in possession of narcotics;

- Certified True Copy of Felony: Schedule of Fines, Fees, Sentencing Provisions & Probation Requirements form; and

- Certified True Copy of State of Louisiana Commitment Order.

A review of the pen-pack reveals that Dillon possessed a firearm within ten years of the prior convictions. Additionally, the pen-pack documents also listed the same name, birthdate, sex, race, State ID number, and city of residence reflected in the current bill of information. Notably, Dillon did not file a pre-trial motion to quash the bill of information which indicated Dillon's status as a convicted felon and ultimately did not object to the introduction of the pen-pack into evidence by the State.

The State has satisfied the *Jackson* inquiry. We find that after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. The State presented sufficient evidence of Dillon's prior convictions to sustain his conviction for possession of a firearm by a felon, La. R.S. 14:95.1.

**Certified Certificate of Analysis Report**

Dillon next asserts that the State presented insufficient evidence to sustain his convictions for possession of marijuana with the intent to distribute and possession of a firearm with a CDS (marijuana). Dillon maintains the State had to prove that the substance seized was marijuana, an essential element of proof for both possession of marijuana with the intent to distribute and possession of a firearm with a CDS. Dillon argues the certified certificate of analysis report which

7

concluded the substance seized from his vehicle was marijuana was insufficient proof without the accompanying testimony of the crime lab technician.

At the outset, although Dillon frames this error as an insufficiency of the evidence to sustain his convictions argument, he does not expressly represent that the State failed to prove every element of the offenses. Instead, close scrutiny of Dillon's argument shows he contests the admissibility of the certified analysis report without testimony from the crime lab technician, rather than the report's conclusion that the substance seized was marijuana. Specifically, Dillon's appellate brief argues:

> [I]n this case there was no direct testimony that the substance recovered believed to be marijuana was actually marijuana. At trial, over the defense objection, the state introduced the crime lab report without the crime lab technician's testimony. The state did not comply with the statutory mandates of La. R.S. §§15:499-501. Trial counsel for the defense was never served with notice that the state would use the crime lab report as prima facie evidence pursuant to La. R.S. §15:499. Over objection the court let it in.

Consequently, Dillon's specific complaint will be addressed rather than the issue of whether the State sufficiently proved every element of the offenses.

Dillon acknowledges that La. R.S. 15:499-501 permits the State to introduce a certified analysis report as *prima facie* proof of the facts shown thereon with written notice to the opposing party and a copy of the report, unless the defendant serves a written demand that the lab technician who conducted the analysis testify in person within thirty days of receiving the state's written notice.[3] Dillon

---

[3] Louisiana Revised Statute 15:501, in part, provides:

> A. Except as provided in Subsection F of this Section, the party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than forty-five days prior to the commencement of the trial, give written notice of

concedes his previous counsel was served with written notice and that notice was filed into the record August 17, 2022. Nevertheless, he asserts the State did not submit proper notice because his trial attorney was not personally served with the State's written notice of its intent to offer the certified analysis report as *prima facie* evidence of the report's findings.

The State counters that it served written notice pursuant to La. R.S. 15:499-501 "along with the Certificate of Analysis…via the State's initial discovery packet" on August 17, 2022. It asserts further that "[w]hen Mr. Boshea [trial counsel] enrolled in the case and filed a Motion for Discovery on November 9, 2022, the exact same discovery packet, containing the State's Notice pursuant to La. R.S. 15:499, was sent to Mr. Boshea." Accordingly, the State contends that it complied with the statutory notice requirements on two separate occasions; thus the certificate of analysis report is admissible as *prima facie* evidence that marijuana was the substance from the Dillon's vehicle. We agree with the State.

Our review of the record substantiates the State's notice of intent to use the certified analysis report is contained in the record, and reflects a filing date of

intent to offer proof by certificate. Such notice shall include a copy of the certificate.

B. The attorney for the defendant, or the defendant acting in his own defense, if not represented by counsel, may demand that the person making the examination or analysis testify by filing a written demand and serving it upon the department attorney, district attorney, or attorney general seeking to introduce the certificate. If such a demand is made timely as set forth below, the certificate shall not constitute prima facie proof of the facts thereon as set forth in R.S. 15:500.

C. Demand for the testimony of the person making the examination or analysis shall be filed and served by counsel for the defendant, or by a defendant acting as his own counsel, except as provided in Subsection F of this Section, within thirty days of the receipt of the notice provided for in Subsection A of this Section. The trial court may extend the period for good cause shown if such request is made prior to the expiration of the period.

August 17, 2022.  In contrast, no response or demand from Dillon pursuant to La. R.S. 15:501(B) to compel the testimony of the crime lab technician appears in the record.  Particularly, the minute entry of September 23, 2022, shows counsel of record appeared with Dillon for "Plea Day."  However, the record is devoid of any written demand by counsel to request testimony from the person making the examination or analysis by September 16, 2022—the thirty-day due date to make such a demand—or on any other date.

Dillon offers no authority to support his claim that every trial counsel of record in a case must be personally served with written notice of the State's intent under R.S. 15:499-501 for the notice to be valid.  Neither La. R.S. 15:499-501 nor our jurisprudence requires the State to serve Dillon's newly-retained defense counsel with the same notice it had already timely filed into the record and provided to previous counsel.

In *Hayes*, 2012-0357, p. 7, 108 So.3d at 365, this Court found the State complied with La. R.S. 15:499-501 by timely filing its notice of intent to introduce the criminalist report into evidence. As a result, the *Hayes* defendant's complaint that he did not receive proper notice because he retained counsel after the State filed its notice was not persuasive. *Id.*

Akin to *Hayes*, we also find no error in the district court's admitting the certified analyst report as un-rebutted *prima facie* evidence that the substance seized was a Schedule I CDS, marijuana.

**Motion for Mistrial**

Dillon's assignments of error one and two address the correctness of the trial court's denial of his motion for mistrial.  Dillon's arguments have no basis in law.

10

First, he challenges the listing of predicate offenses the State uses to establish he is in violation of La. R.S. 14:95.1. He seeks to classify the use of his prior convictions as the State's attempt to introduce other crimes evidence. Second, he argues that La. R.S. 14:129.1 is not an enumerated crime of violence per La. R.S. 14:95.1 or 14:2(B).

Other Crimes Evidence

The record reflects defense counsel moved for a mistrial during the State's opening statement. Dillon maintains the State improperly referenced other crimes evidence of his 2014 convictions in its opening statement and throughout the trial.

The State's opening statement included the following:

> You all know by now the defendant in this matter, Koby Dillon, is charged with possession with intent to distribute marijuana, possession of a firearm while in possession of narcotics, and being a convicted felon while in possession of a firearm.

> One of the first things you will learn during this trial is this defendant is, in fact, a convicted felon. He has two prior convictions for intimidating witness in a murder case. He has a conviction for possessing a firearm while in possession of narcotics, the exact same thing we are here for today.

Louisiana Code of Evidence art. 404(B)(1)(a) excludes the admissibility of other crimes evidence if it is for the purpose to show the character of the accused. The exception to this exclusion, however, is if the evidence is for the purpose to prove motive, opportunity, intent, preparation, plan or identity.

Here, the listing of the predicate offenses in Count 5 is solely for the purpose of the State establishing the elements of La. R.S. 14:95.1(A), a felon in possession of a firearm conviction. It is not to establish any of the exceptions allowed by La. C.E. art. 404 B. Dillon's argument is meritless.

11

Intimidation of a Witness

Next, Dillon argues that La. R.S.14:129.1 is not an enumerated crime of violence per La. R.S. 14:95.1 or La. R.S. 14:2(B) for purposes of proving his status as a convicted felon.

Louisiana Revised Statute 14:95.1 offers an inclusive list of crimes as predicate offenses, including a crime of violence as defined in La. R.S. 14:2(B):

> It is unlawful for any person who has been convicted of a crime of violence *as defined in R.S. 14:2(B)* which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
> (Emphasis added).

While La. R.S. 14:2(B) lists a litany of specific offenses as crimes of violence, it prefaces the listing of the enumerated offense with the following:

> In this Code, "crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

The offense of intimidation of a witness as defined in La. R.S. 14:129.1(A) provides that no person shall intentionally:

(1) Intimidate or impede, by threat of force or force, or attempt to intimidate or impede, by threat of force or force, a witness or a member of his immediate family with intent to influence his testimony, his reporting of criminal conduct, or his appearance at a judicial proceeding;

(2) Injure or attempt to injure a witness in his person or property, or a member of his immediate family, with intent to influence his testimony, his reporting of criminal conduct, or his appearance at a judicial proceeding[.]

The list of offenses described in La. R.S. 14:2(B) "is merely illustrative, not exhaustive, [therefore] unlisted offenses may be denominated as crimes of violence under the general definition of the term provided by the statute." *State v. Oliphant*, 2012-1176, p. 8 (La. 3/19/13), 113 So.3d 165, 170. In this matter, Dillon's indictment for intimidation of a witness charges in the certified pen-pack alleged that he "did intimidate, impede, by force or threats of force to [both Arthur Veal and Darrell Thomas] with the intent to influence [their] testimony[ies] in a Judicial proceeding, reporting of criminal conduct, or appearance at a Judicial proceeding." We find the "threats of force" made by Dillon fit the definition under La. R.S. 14:2(B) for the district court to designate the offense as a crime of violence. *See also State v. Theophile*, 2019-0467, pp. 11-12 (La. App. 4 Cir. 12/11/19), 287 So.3d 53, 62-63, where this Court noted that although domestic battery by strangulation was not enumerated as a crime of violence under La. R.S. 14.2(B), the trial court properly concluded the offense was a crime of violence because it "has [as] an element, the use, attempted use or threatened use of physical force against the person." Accordingly, Dillon's claim that the district court wrongfully permitted the State to reference his prior convictions for intimidation of a witness in the State's opening statement and during trial are not meritorious.

**Assignment of Error No. 5: Excessive Sentence**

Dillon's final assignment of error asserts the district court imposed a constitutionally excessive sentence of twenty years for his conviction of possession of a firearm with a CDS based on the district court's finding that he was a second offender and its failure to apply the sentencing guidelines set forth in La. C.Cr.P. art. 894.1.

In our review of this argument, this Court must first consider the parameters under which La. C.Cr.P. art. 881.1 permits a defendant to seek review of a sentence by filing a motion to reconsider. We particularly note that "La. C.Cr.P. art. 881.1(B) provides that a motion to reconsider [sentence] 'shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.'" *See State v. Short*, 2023-0473, p. 4 (La. App. 5 Cir. 9/10/24), 398 So.3d 235, 240.

A review of Dillon's motion to reconsider sentence herein shows Dillon failed to specifically seek review on the grounds that he was improperly sentenced as a second offender or that the district court did not apply the sentencing factors set forth in La. C.Cr.P. art. 894.1. Rather, the motion to reconsider, filed on December 18, 2023, stated "[t]his motion is being made due to the excessive and harsh nature of the sentence imposed." Accordingly, this Court shall limit its review of Dillon's claim that his sentence is excessive to a review for constitutional excessiveness only.

Here, the district court sentenced Dillon to twenty years as a second offender based on his prior conviction for possession of a firearm with a CDS. Louisiana Revised Statute 14:95(E) provides, in part, that "[u]pon a second or subsequent conviction [for possession of a firearm with a CDS], the offender shall be imprisoned at hard labor for not less than twenty years nor more than thirty years

14

with the benefit of probation, parole, or suspension of sentence." Accordingly, the district court imposed the statutory minimum sentence.

Our jurisprudence provides that a trial court need not justify a mandatory sentence it is legally obligated to impose. *See State v. Reaux*, 2023-0497, p. 10 (La. App. 4 Cir. 3/14/24), 401 So.3d 12, 20 (citation omitted). Nevertheless, although a sentence is within the statutory limits, a sentence may still be deemed unconstitutionally excessive "when it imposes punishment grossly out of proportion to the severity of the crime, makes no measurable contribution to the acceptable goals of punishment, or constitutes nothing more than the needless infliction of pain and suffering." *State v. Turner*, 2018-0326, p. 6 (La. App. 4 Cir. 11/28/18), 259 So.3d 1089, 1093-94 (citations omitted).

The district court espoused the following at sentencing:

Respectfully and regretfully, Mr. Dillon, there's a mandatory minimum on a 95.E second offender which ties my hands. And I – I appreciate all of the input from the community, the family members, everyone one who stepped up for you. As I said, my hands are tied. When - - when the legislature creates a law, I'm sworn to uphold that law.

And - - and, with that, on - - I'm going to call it the - - top charge, which is Count 4, a violation of Title 14: 95. E, the Court finds that you are a second offender; and the Court has also considered sentencing guidelines provided by the Code of Criminal Procedure 894.1 - - not that these really apply when there's a mandatory minimum, but have considered them. And with the mandatory minimum being 20 years at hard labor, the Court will sentence you as such: 20 years in the Department of Corrections at hard labor.

The record above reflects the district court's imposition of the mandatory minimum sentence of 20 years for possession of a firearm with a CDS was not intended to inflict needless suffering. The district court considered the mitigating factors put forth by Dillon, but was compelled to abide by the sentencing guidelines established by the legislature. Akin to the defendant in *Turner*, "[here],

[Dillon] has [not shown] that he is exceptional or that he is a victim of the legislature's failure to assign sentences meaningfully tailored to his culpability, the gravity of his offense, and the circumstances of his case. 2018-0326, p. 10, 259 So.3d at 1096. Therefore, upon review, we find no merit to Dillon's claim that his sentence is unconstitutionally excessive.

## DECREE

Based on the foregoing reasons, we affirm Dillon's convictions and the sentences imposed arising out of his convictions for possession of CDS (marijuana) with the intent to distribute and possession of a firearm while in possession of a CDS. However, we vacate the sentence for Dillon's possession of a firearm by a felon conviction and remand to the district court for re-sentencing for the sole purpose of imposition of the mandatory fine required under La. R.S. 14:95.1.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART; VACATED IN PART; AND REMANDED**

16